

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2008

# USA v. Neal

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4012

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Neal" (2008). *2008 Decisions.* Paper 1372.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1372

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4012

_____

UNITED STATES OF AMERICA

v.

FREDERICK NEAL,
*Appellant*

_____

On Appeal from the United States District Court
For the Western District of Pennsylvania
(05-cr-00182-1)
District Judge: Honorable Gustave Diamond

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 10, 2008

_____

Before: FUENTES, CHAGARES, and ALDISERT, *Circuit Judges*
(Opinion Filed: March 28, 2008)

_____

**OPINION**
_____

FUENTES, *Circuit Judge*:

Frederick Neal appeals from the District Court's final judgment of conviction and

sentence, entered August 22, 2006, for possession of a firearm as a prior convicted felon.

See 18 U.S.C. § 922(g)(1). The only issue on appeal is whether the District Court properly denied a motion to suppress the firearm as the fruit of an unlawful seizure. We will affirm.

## I.

On March 28, 2004, a police officer, in an unmarked car and in plain clothes, was patrolling a high crime area in the City of Pittsburgh. Upon noticing two men selling five-gallon industrial size cans of paint out of the trunk of a Dodge Dynasty car, the undercover officer called for back-up; he deemed their conduct "out of the ordinary" because they were "running in and out of traffic, flagging cars down" in an area known for selling stolen items. App. at 25-26. While the officer waited for back-up units, a station wagon parked behind the Dodge Dynasty. Neal, along with the driver, exited the station wagon and approached the paint sellers. Shortly thereafter, two back-up police cars arrived with their overhead lights activated but sirens turned off, and parked behind the station wagon. Similarly, the undercover police officer parked his car alongside the station wagon and one of the police cars.

With his badge displayed around his neck, the undercover police officer approached Neal and requested identification from all four men. None of the police officers had their guns drawn. As Neal pulled out his wallet, the officer observed a small plastic bag, which appeared to contain cocaine, fall from Neal's left hand. Consequently, the officer moved to arrest Neal, who spun away, pulled a gun from his waistband area,

and dropped it through an open window into the Dodge Dynasty. The two men selling paint later told the undercover officer that they did not have a permit to sell the paint, which they allegedly found in a trash bin.

On June 23, 2005, a grand jury charged Neal in a one-count indictment for possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Neal filed a motion to suppress the seized firearm, arguing that the undercover officer's conduct constituted an investigatory detention unsupported by reasonable suspicion of criminal activity, in violation of his Fourth Amendment right against unreasonable searches and seizures.

Following a suppression hearing, the District Court denied Neal's motion in an order dated March 7, 2006. Based on the totality of circumstances, the District Court found that the initial police conduct, before the cocaine and gun were revealed, was a mere police-citizen encounter not subject to the Fourth Amendment. In the alternative, the District Court found that the undercover officer had sufficient reasonable suspicion that criminal activity was afoot to justify an investigatory stop under *Terry v. Ohio*, 392 U.S. 1 (1968).

On March 22, 2006, Neal entered into a plea agreement, in which he preserved the current issue on appeal. On August 22, 2006, Neal was sentenced to 210-months' imprisonment, to be followed by a term of supervised release of five years. He filed a timely notice of appeal on September 6, 2006.

**II.**

We have jurisdiction under 28 U.S.C. § 1291, which provides appellate jurisdiction from final decisions of U.S. district courts. The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231, which confers jurisdiction over offenses against federal law. In reviewing a district court's denial of a motion to suppress evidence, we exercise plenary review over questions of law and accept a district court's findings of fact unless clearly erroneous. *See United States v. Givan*, 320 F.3d 452, 458 (3d Cir. 2003).

**III.**

**A.**

It is well established that "a seizure does not occur simply because a police officer approaches an individual and asks a few questions." *Florida v. Bostick*, 501 U.S. 429, 434 (1991). This rule is premised on the rationale that "[s]o long as a reasonable person would feel free to disregard the police and go about his business, the encounter is consensual and no reasonable suspicion is required." *Id*. (internal citation and quotation omitted). On the other hand, the Fourth Amendment's protection is triggered during an investigatory seizure—"when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry*, 392 U.S. at 19 n.16. Whether an investigatory seizure occurred requires assessing all of the circumstances surrounding an encounter to determine if "a reasonable person would believe that he or

she is not 'free to leave.'" *Bostick*, 501 U.S. at 435. Investigatory seizures, while implicating the Fourth Amendment, can be justified if officers have "a reasonable, articulable suspicion that criminal activity may be afoot." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000) (citing *Terry*, 392 U.S. at 30). Reasonable suspicion "is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence." *Id.*

**B.**

Neal argues that the District Court erred in holding that the interaction was not an investigatory stop. He argues that the sudden and simultaneous arrival of three police vehicles, two of which had overhead lights activated, and which impeded the station wagon and Neal from exiting, "combined to create an atmosphere of coercion and compulsion." Appellant's Br. at 18. Thus, Neal claims, "the show of authority of police at that moment was clear and manifest" such that "[n]o reasonable person would have felt 'at liberty to ignore the police presence and go about his business.'" Appellant's Br. at 20 (quoting *Michigan v. Chesternut*, 486 U.S. 567, 574 (1988)).

While the issue of whether the facts in this case add up to an investigatory stop is close, we need not decide it because the District Court found that even if there was an investigatory stop, the police had reasonable suspicion of criminal activity, a finding with which we agree. In this case, the undercover police officer personally witnessed two men, not dressed as ordinary salesmen, running in and out of an intersection selling large

cans of paint from the trunk of a car. The intersection was in a high crime area, recently host to several burglaries. Prior to the arrival of backup police officers, Neal arrived and went to the trunk of the paint sellers' vehicle and began speaking with the paint sellers. Accordingly, the police officer relied on his eleven years of police experience to suspect that the paint was stolen or the men were vending without a permit. Under these circumstances, the police officer had at least "the 'minimal level of objective justification' necessary for a Terry stop." *United States v. Valentine*, 232 F.3d 350, 353 (3d Cir. 2000) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Therefore, the District Court did not err in denying the motion to suppress the seized firearm.

## IV.

For the foregoing reasons, we will affirm the District Court's final judgment of conviction and sentence.